UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cr-00337-RJC-DSC

| | |
|---|---|
| **USA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **DARRICK LEON JOHNSON,** | ) |
| Defendant. | ) |

THIS MATTER is before the Court upon the government's Notice of Appeal of the magistrate judge's release order, (Doc. No. 158), the defendant's response, (Doc. No. 166-1), and the government's reply, (Doc. No. 166). For the reasons stated below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was indicted on January 15, 2013, for conspiring to distribute more than 1,000 kilograms of marijuana from 2004 to the present. (Doc. No. 144: First Superseding Indictment). This case involves an alleged extensive network of trafficking marijuana from California to North Carolina. The defendant was arrested based on the indictment in the Central District of California on January 23, 2013. He was initially detained, but later ordered released after his father posted a $150,000 property bond. (C.D. Ca. Case No. 2:13-mj-151). This appeal followed.

Title 18, United States Code, Section § 3145 provides that when a defendant is ordered released by an out-of-district judge, the court having original jurisdiction over the offense may review the release order. A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release

order. United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the entire record in this case and finds the magistrate judge's decision to release the defendant was in error. Most significantly, the defendant was on felony probation for marijuana trafficking during the time he is alleged to have been part of the conspiracy in this case. 18 U.S.C. § 3142(g)(3)(B). According to the government's motion, additional evidence of drug trafficking was found with the defendant at the time of his arrest. 18 U.S.C. § 3142(g)(2). Finally, the defendant's criminal history stretches back to 1994 and includes convictions for drug possession, battery, and theft, and contains a history of violating probation and failing to appear for court. 18 U.S.C. § 3142(g)(3)(A). Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the Central District of California magistrate judge's release order is **REVERSED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the

defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: February 1, 2013

Robert J. Conrad, Jr.
Chief United States District Judge